## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **CHARLES RALPH HAMILTON,** | |
| **Plaintiff,** | |
| **v.** | |
| | **Civil Action No.** <u>3:18-cv-555-RGJ</u> |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** | |
| **Defendant.** | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Hartford Life and Accident Insurance Company ("Hartford" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Washington County, Kentucky, Case No. 18-CI-00088, where it is currently pending, to the United States District Court for the Western District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claim against Hartford invokes the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendant respectfully shows the Court as follows:

1. Plaintiff Charles Ralph Hamilton instituted a civil action against

Hartford in the Circuit Court of Washington County, Kentucky, on July 16, 2018. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.    Plaintiff's Complaint was served on the Secretary of State on July 19, 2018, and returned on July 23, 2018.  Accordingly, this Notice of Removal is filed within thirty (30) days after service of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3.    This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4.    The United States District Court for the Western District of Kentucky is the federal judicial district embracing the Circuit Court of Washington County, Kentucky, where this suit was originally filed.  Venue is therefore proper under 28 U.S.C. §§ 97(b) and 1441(a).

## FEDERAL QUESTION JURISDICTION

5.    Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, the ERISA jurisdiction provision provides for concurrent jurisdiction to the state and federal courts over participant's claims under 29 U.S.C.

§ 1332(a)(1)(B) and exclusive jurisdiction to the federal courts over all other ERISA claims by participants. *See* 29 U.S.C. § 1332(e)(1). When filed in state court, such actions may be removed to federal court. *See* 28 U.S.C. § 1441(a).

6.     In his Complaint, Plaintiff alleges that he is insured under a disability-insurance policy that Hartford issued to his employer, Agrium U.S., Inc., to cover its eligible employees. *See* Ex. A at 2-3 (¶ 2), 6-36. Based upon an allegedly wrongful termination of benefits, Plaintiff seeks an award of past benefits, prejudgment interest, and "a reasonable fee for his attorney of record pursuant to the provisions of ERISA." *See* Ex. A at 3 (¶¶ 10, 13, 14, "Wherefore" paragraph).

7.     Hartford issued group policy GLT-675033 (the "Policy") to Agrium to insure the Group Long Term Disability Plan for employees of Agrium U.S., Inc. (the "Plan"), which is an "employee welfare benefit plan," 29 U.S.C. § 1002(1), pursuant to ERISA. Plaintiff was a participant in the Plan based on his employment with Agrium. A true and correct copy of the Policy that insures the Plan and provides the terms of coverage is attached hereto as Exhibit B. It expressly references ERISA and provides a statement of participant's rights under ERISA. *See* Ex. B at 32-37; *see also* Ex. A at 30-35. Hartford serves as the claims administrator for claims under the Policy and Plan.

8.     Although Plaintiff does not expressly reference ERISA when asserting his claim for benefits or allege any basis for jurisdiction at all, it is clear based on

his request for attorney's fees under ERISA and the express statement of ERISA rights included with the Policy that his claims for benefits invoke the ERISA enforcement mechanism under 29 U.S.C. § 1132(a)(1)(B).  *See* Ex. A at 3 (¶¶ 10, 13, 14, "Wherefore" paragraph).  Even if that were not the case and Plaintiff had intended to assert state-law claims, such claims would be preempted under ERISA, as his Complaint explicitly seeks to recover insurance benefits under an ERISA-governed policy.  *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209-210 (2004) (noting that state-law causes of action falling within the scope of § 1132(a) are removable).  As a result, this Court has original jurisdiction of this civil action under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f).  Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

## MISCELLANEOUS

9.    A copy of this Notice of Removal is being filed with the Circuit Court of Washington County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

10.    Along with this Notice of Removal, Hartford will tender to the Clerk of this Court the funds necessary to secure removal.

11.     This Notice of Removal is filed within thirty (30) days after service of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

12.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13.     The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Kentucky.

14.     If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Hartford Life and Accident Insurance Company, by and through its undersigned counsel, prays that the above action currently pending against it in the Circuit Court of Washington County, Kentucky, be removed to this Court.

Respectfully submitted this 16th day of August 2018.

*/s/ William B. Wahlheim, Jr.*
William B. Wahlheim, Jr.
Grace R. Murphy
Attorneys for Defendant Hartford Life and Accident Insurance Company
[applications for admission *pro hac vice* to be filed]

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 16th day of August 2018:

Kaelin G. Reed
MATTINGLY & NALLY-MARTIN, PLLC
P.O. Box 678
Lebanon, Kentucky 40033
(270) 692-1718
*Attorney for Plaintiff*

/s/ William B. Wahlheim, Jr.
OF COUNSEL